ROCHESTER AMERICAN INSURANCE COMPANY and others, Appellants, vs. PLUMBERS SUPPLY COMPANY, Respondent.

*February 6—March 6, 1951.*

*Kenneth E. Worthing* of Fond du Lac, for the appellants.
*Ervin A. Weinke,* attorney, and *John P. McGalloway* of counsel, both of Fond du Lac, for the respondent.

HUGHES, J. Defendant's office was situated near the Petrie warehouse. The employee of the defendant was charged with the duty of disposing of the weekly accumulation of wastepaper which was dumped each day from the wastebasket into a carton. This he did by burning it in a steel drum from which one end had been cut.

On the morning of April 30, 1949, he placed the drum about thirty to thirty-five feet from the Petrie warehouse, dumped the contents of the carton into the drum, and lit them.

The testimony with respect to the watch kept over the fire and the condition of the fire at the time the employee left it was in dispute. He testified that the fire was practically out when he returned to the office. Witnesses for the plaintiffs testified that they saw the fire blazing in the drum and that neither defendant's servant nor anyone else was around.

Defendant contended that the place where the drum was set was low marshland and wet; plaintiffs, that the growth of vegetation from the preceding season was rather heavy.

When the fire department arrived there was a burned swath from the drum to the warehouse. Plaintiffs claimed this to be the course of the fire which ignited the Petrie build-

ing. Defendant contended that this grass was ignited by hot and burning tar dripping from the roof of the building.

The conflicting testimony presented jury issues, and the finding that the drum fire spread to the building cannot be challenged.

Plaintiffs likewise contend that whether defendant should have foreseen that the fire in the drum might spread to the building was for the jury, and that the trial court erred in changing the jury's answers as to negligence.

Defendant relies upon the rule stated in *Knickel v. Chicago & N. W. R. Co.* (1904), 123 Wis. 327, 331, 101 N. W. 690:

"One may be as careless as he pleases with reference to his own property, and not be chargeable with negligence in law, unless an ordinarily prudent person *might reasonably* anticipate that such carelessness might probably result in injury to others." (Italics ours.)

And as stated slightly differently in *Atkinson v. Goodrich Transportation Co.* (1884), 60 Wis. 141, 163, 18 N. W. 764:

"The question whether a result may or may not be reasonably expected to follow certain acts is very material upon the question of negligence. A person is not called upon to use that degree of care against an improbable result which he would be bound to use against a probable one."

Defendant also relies upon the application of the rule in *Wood v. Chicago, M. & St. P. R. Co.* (1881), 51 Wis. 196, 201, 8 N. W. 214, where plaintiff sought to recover for goods destroyed in a warehouse fire. A kerosene lamp mounted on a bracket attached to a wall between the office and warehouse of the defendant was seen burning after midnight and after all employees had gone home. Before morning the building and its contents were destroyed by fire. The court there said:

"How can negligence be inferred from such a bare occurrence, without a knowledge of all the circumstances under which it took place? An act which is not in itself dangerous,

or from which negligence cannot be necessarily and naturally inferred, or an act from which injurious consequences would not be reasonably expected or apprehended by a person of common prudence, is not an act of negligence. To determine whether an act is negligent, its character and all of its qualities, and all of the circumstances under which it was done, must be known and considered. It is incumbent in all such cases upon the plaintiff to prove the negligence of the defendant as an independent and affirmative fact, although such fact may be inferred from such other facts in evidence as lead directly and logically to such a conclusion."

We find no parallel between the factual situation in the *Wood Case* and that in the instant case. When that case was decided kerosene lamps were in common use. They were relatively safe when hanging in their brackets attached to the wall and away from inflammable objects.

Bonfires, discarded matches, and cigaret butts are recognized among the greatest causes of fire today. The jury had a right to assume that the defendant's employee should reasonably anticipate that fire might travel through dead grass toward the building.

The evidence most favorable to the plaintiffs must be accepted in determining whether the record supports the jury verdict.

The jury may well have believed testimony offered by plaintiffs that the space under the warehouse, which was built upon concrete blocks some thirty inches above the ground, contained paper and rags and other inflammable materials as well as glass, bricks, and crockery, all visible from a position near by, and that the defendant's servant reasonably should have perceived that if the fire reached the building it would probably ignite it.

We conclude that the evidence is sufficient to support the finding of the jury that defendant's employee was negligent.

*By the Court.*—Judgment reversed and cause remanded with directions to reinstate the jury's answers to the verdict and enter judgment thereon.